## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

SEKOU AYODELE MAPP
600 Concerto Lane,
Silver Spring, Maryland 20901

  *Plaintiff,*

  v.

MEDICI ROAD, INC.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006

Serve: OSI Management, Inc.
   1629 K Street, N.W. Suite 300
   Washington, D.C. 20006

THOMAS HOUSTON III
1629 K Street, N.W. Suite 300
Washington, D.C. 20006

  *Defendant.*

Civil Case No.: 22-1992

## COMPLAINT

Plaintiff, Sekou Ayodele Mapp, hereby brings suit against his former employer Medici Road, Inc. ("MR") and Thomas Houston, III ("Houston") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA"), the District of Columbia Payment and Collection of Wages Law, DC Code §§ 32-1301 *et. seq.* ("DCPCWL") and the Accrued Sick and Safe Leave Act of 2008 ("DCASSLA"), D.C. Code § 32-531.01, *et seq.* Plaintiff alleges as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Maryland and was employed by Defendants as Director of Real Estate Development. He was employed in this capacity from November 10, 2021 to May 3, 2022, when his employment with Defendants ended. During his

tenure with Defendant, Plaintiff worked from his home in Silver Spring Maryland or from sites in the District of Columbia. However, during the entire term of Plaintiff's employment, Defendants were based in the District of Columbia where Defendants' offices were located.

2.      Houston is Executive Director of MR. He resides in the District of Columbia and works in the District of Columbia. He is an employer of Plaintiff within the meaning of the DCPCWL because: (1) he has operational control over MR and is significantly involved in the operations; (2) he directly controlled the terms and conditions of Plaintiff's employment, including his work schedule, his compensation and pay, and he did in fact set the terms and conditions of Plaintiff's employment; (3) he had the authority to hire and fire Plaintiff and did in fact hire him; (4) he had actual and functional control over MR's corporate funds, which were used to pay Plaintiff, and he had the authority to allocate funds; (5) he had authority to set Plaintiff's rates and manner of pay and he did set the Plaintiff's rate and manner of pay and he authorized payment of Plaintiff's wages; (6) he had knowledge of and approved of the unlawful deductions from Plaintiff's wages; (7) he established pay practices and formulated and approved pay policies that caused the violations at issue; and (8) he maintained the Plaintiff's employment records.

3.      MR is organized under the laws of the District of Columbia and is a non-profit corporation. It is licensed to do business in the District of Columbia. MR is also a community development corporation. At all times relevant to the Complaint, MR employed the Plaintiff within the meaning of the DCPCWL because it treated him as an employee, it set is rate and manner of pay, it paid his wages, it supervised him, hired him, it had the authority to terminate his employment and it maintained his employment records.

**JURISDICTION**

4.      Plaintiff is asserting causes of action under the FLSA, the DCMWRA, the DCPCWL and the DCASSLA.

5.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331, because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

**STATEMENT OF FACTS**

6.      As a Community Development Corporation, MR acquires, owns and develops property to serve its community of low-income persons.

7.      Plaintiff was hired by Defendants to be the Director of Development. Aside from Houston, Plaintiff was the only employee of MR and Plaintiff did not supervise anyone. Plaintiff's actual job duties including the following: oversight of one real estate project located at Deanwood Station to make certain that the project proceeds in a timely manner; identification of other potential real estate to purchase for other projects; and submitting proposals for acquisition of real property for future development projects. Plaintiff did not perform, as a primary duty, job functions that would render him exempt from the overtime provisions of the FLSA, the DCPCWL or the DCMWRA.

8.      During his employment with Defendants, Plaintiff regularly worked an average of approximately 43 hours per week. However, in some weeks Plaintiff worked well beyond 43 hours in a single work week. However, Plaintiff was not paid an overtime premium for his overtime hours.

9.      Plaintiff and Defendant entered into an employment contract, prior to Plaintiff performing services, which entitled to Plaintiff to certain benefits. Part of the agreement was that Plaintiff be paid a salary of $90,000 annually, which did not vary based on the number of hours or days that he worked. Plaintiff was paid bi-monthly, meaning that there were two pay periods per month and 24 pay periods in a year.

10.     Plaintiff's annual salary was intended to compensate him the first 40 hours of work in a workweek, not for any overtime hours. So, Plaintiff's regular hourly rate for the purposes of the DCMWRA, the DCPCWL and the FLSA was $43.27 per hour. *See* 29 C.F.R. § 778.113. Thus, Plaintiff was deemed not to have been paid anything at all for his overtime hour and he was entitled to $64.91 for each unpaid overtime hour that he worked.

11.     Under the terms of the employment agreement, Plaintiff accrued PTO benefits at a rate of 3.33 hours per pay period. In addition to 80 hours (five days) of PTO earned during the year, Plaintiff as also entitled to an additional one day (eight hours) of PTO for his birthday, which was on April 7. In fact, Plaintiff's offer letter states that he is entitled to eleven days of PTO per year: "11 vacation days". Plaintiff's accrued annual leave was debited when Plaintiff took PTO.

12.     Because accrued PTO was a term of Plaintiff's contract, when Plaintiff's employment ended, he was contractually entitled to a pay out of accrued but unused PTO, absent an express written agreement to the contrary. *National Rifle Association v. Ailes*, 428 A.2d 816, 820 (D.C. 1981); *Jones v. District Parking Management Co.*, 268 A.2d 860, 861-62 (D.C. 1970). And there was no agreement to the contrary. Under the terms of the contract, Plaintiff was entitled to a complete and accurate computation of PTO and he was entitled to a pay-out for accrued but unused PTO upon the termination of his employment.

13.     Plaintiff accrued sick leave at the rate of 3.33 hours per pay period. In addition, under the DCAASLA, Plaintiff was entitled to use his sick leave, *inter alia*, for "an absence for the purpose of caring for a child, a parent, a spouse, . . . or any other family member who has any of the conditions or needs for diagnosis or care described in paragraph (1) or (2) of this subsection. . . ." D.C. Code § 32-531.02 (b).

14.     Plaintiff's last two days of employment were May 2 and 3, 2022 and in fact on May 2, 2022, Houston gave Plaintiff an assignment (via text message) to be completed on May 3, 2022, which Plaintiff in fact performed work on.

15.     As of the end of the day on May 3, 2022, Plaintiff had a balance of 45.35 hours of PTO, which included 37.35 hours plus eight hours for his birthday on April 7, 2022 (during which he worked). In addition, Plaintiff was owed his salary for his last two days of work – May 2 and 3, 2022. Plaintiff's last pay stub was for the pay period beginning May 1, 2022 and ending May 15, 2022. It indicated that Plaintiff received no salary for his two last days of work (Monday, May 2 or Tuesday, May 3). The pay stub further indicated that Plaintiff had used 2.02 hours of PTO on either May 2 or May 3 and that Plaintiff was being paid for 3.33 hours of PTO which he had accrued during the final pay period (May 1 through May 15). Since Plaintiff was paid for 5.35 hours of accrued but unused PTO, he had 40 hours remaining of accrued but unused PTO which had a value of $1,730.80. In addition, Plaintiff was owed salary for his last two days of work – May 2 and May 3, 2022. The unpaid salary has a value of $692.32. Based on his unpaid PTO and salary, the total owed to the Plaintiff under the DCPCWL (Count III) is $2,423.12.

16.     Under the DCPCWL, this sum ($2,423.12) was due within seven days of the Plaintiff's last day of work or May 10, 2022. D.C. Code § 32-1303 (2). Thirty business days have passed since the payment was due and therefore, Plaintiff is owed the back wages and an additional

amount equal to three times that sum, plus attorney's fees and costs. *Id*. § 32-1303 (2); § 32-1308 (b). Excluding attorney's fees and costs, the total amount owed by Defendants under the DCPCWL is $9,692.48.

17.     Plaintiff is unable to compute the value of his unpaid overtime pay pursuant to the FLSA (Count I) and the DCMWRA (Count II) at this time because Plaintiff does not possess time records or other documents which will enable him to do a precise calculation.

## COUNT I
## VIOLATIONS OF THE FLSA
### (OVERTIME WAGES)

18.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

19.     Plaintiff was engaged in commerce because several times per month, he travelled across state lines to perform his job functions.

20.     The Defendants violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek.

21.     The actions of the Defendants were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages.

22.     The Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation, unpaid minimum wages, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

23.     The precise amount owed to the Plaintiff by the Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) and or emails and text messages

6

which will assist Plaintiff in computing his overtime hours. Those records are in possession of the Defendants.

**COUNT II**
**VIOLATIONS OF THE DCMWRA AND THE DCPCWL**
**(OVERTIME WAGES)**

24.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

25.     At all times relevant to the Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the DCMWRA (D.C. Code § 32-1002 (2)).

26.     At all times relevant to the Complaint, the Defendants were each Plaintiff's "employer" within the meaning of the DCMWRA (D.C. Code § 32-1002 (3)).

27.     At all relevant times, Defendants were both "employers" of Plaintiff within the meaning of DCPCWL (D.C. Code § 32-1301 (1B)).

28.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the DCPCWL (D.C. Code § 32-1301 (2)).

29.     The Defendants violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours he worked during his employment with Defendants. *See* D.C. Code § 32-1003 (c). Thus, under the DCMWRA, Plaintiff is entitled to unpaid overtime wages plus liquidated damages equal to three times the amount of the unpaid wages. *See* D.C. Code § 32-1012 (b).

30.     The Defendants' failure to pay Plaintiff an overtime premium also violated the DCPCWL. The DCPCWL defines "wages" to include, *inter alia*, "[a]n overtime premium." D.C. Code § 32-1301 (3)(D). Thus, under the DCPCWL, Plaintiff is entitled to the unpaid overtime wages plus liquidated damages equal to three times the amount of the unpaid overtime wages. D.C.

Code § 32-1301 (A)(i) and (A)(ii).

31.     As a result of the violations of the DCMWRA and the DCPCWL by the Defendants, they are liable for Plaintiff's unpaid wages from during his employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

32.     The precise amount owed to the Plaintiff by the Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) and or emails and text messages which will assist Plaintiff in computing his overtime hours. Those records are in possession of the Defendants.

## COUNT III
## VIOLATIONS OF THE DCPCWL, D.C. CODE § 32-1308
## (UNPAID SALARY, SICK LEAVE AND PTO)

33.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

34.     At all relevant times, Defendants were both "employers" of Plaintiff within the meaning of the DCPCWL.

35.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the DCPCWL.

36.     At all relevant times, Plaintiff's unpaid salary, PTO benefits and sick leave benefits, including the right to be paid for accrued but unused leave at the end of Plaintiff's employment, were wages within the meaning of D.C. Code § 32-1301 (3).

37.     At all relevant times during his employment, Defendants committed the following violations of the DCPCWL: (1) it failed to pay Plaintiff's salary for May 2 and 3, 2022; (2) it failed to pay Plaintiff the value of his accrued but unused PTO after his employment ended; and (3) it failed to provide Plaintiff for all of his sick leave benefits and instead, improperly debited accrued but unused PTO, when Plaintiff's accrued but unused sick leave balance should have been debited.

38.     For this Count, Plaintiff is entitled to damages in the approximate amount of $2,423.12 plus an amount equal to three times the unpaid wages ($7,269.36), a total of $9,692.48. In addition, Plaintiff is entitled to reasonable attorney's fees and costs.

## COUNT IV
## VIOLATIONS OF THE ACCRUED SICK AND SAFE LEAVE
## ACT, D.C. CODE § 32-531.01, *et seq*. AND THE
## DCPCWL, D.C. CODE § 32-1308
## (DAMAGES FOR SICK LEAVE DENIAL)

39.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

40.     At all times relevant to the Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the DCASSLA (D.C. Code § 32-531.01 (3)(A)).

41.     At all times relevant to the Complaint, Defendants were each "employers" of Plaintiff within the meaning of the DCASSLA (D.C. Code § 32-531.01 (3)(A)).

42.     The Defendants violated the DCASSLA by failing to properly debit Plaintiff's accrued but unused sick leave balance for absences that were covered by the DCASSLA and instead debited Plaintiff's accrued but unused PTO for those absences, depriving him of the benefits of is accrued sick leave under the DCASSLA.

43.     As a result of the violations of the DCASSLA by the Defendants and pursuant to the DCPCWL (D.C. Code § 32-1308 (a)(1)(A)), they are liable for Plaintiff's unpaid sick leave benefits, liquidated damages equal to three times the unpaid sick leave and pursuant to D.C. Code § 32-531.12 (b) and $500 for each day that Plaintiff did not receive the required sick leave benefits. Plaintiff is also entitled to reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

44.     The precise amount owed to the Plaintiff by the Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's leave records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Defendants.

**RELIEF REQUESTED**

This Court should enter judgment for Plaintiff and against Defendant in the amounts specified below:

a.  the value of Plaintiff's unpaid overtime pay under the FLSA plus an equivalent amount as liquidated damages;

b.  the value of Plaintiff's unpaid overtime pay plus an amount equal to three times the unpaid overtime as liquidated damages, pursuant to the DCMWRA and the DCPCWL;

c.  pursuant to the DCPCWL and the DCASSLA, the value of the Plaintiff's unpaid salary for two days of work, his accrued but unused PTO at the time his employment with MR ended, and his unpaid sick leave benefits along with an additional amount of liquidated damages equal to three times the value of the unpaid wages;

d.  damages of $500 per day sick leave was denied pursuant to the DCASSLA; and

e.  reasonable attorneys' fees and costs incurred in this action, including fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015).

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:    (301) 587-6308
*Attorneys for Plaintiff*